IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICK SPAGNOLO, | : | No. 08-CV-1145 |
| Plaintiff, | : | |
| | : | Judge John E. Jones III |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| CITY OF HUNTINGTON BEACH, | : | |
| ORANGE COUNTY, | : | |
| CALIFORNIA, et al., | : | |
| Defendants. | : | |

MEMORANDUM

**May 28, 2009**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Rec. Doc. 6) which recommends the dismissal of the above-captioned action pursuant to 28 U.S.C. § 1915(e)(2). No objections to the R&R have been filed by either party.[1] For the reasons set forth below, the Court will adopt the R&R.

I. **STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report

---

[1] Objections were due by February 9, 2009. To this date, none have been filed.

1

before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. BACKGROUND

Plaintiff Nick Spagnolo ("Plaintiff" or "Spagnolo") initiated the instant action by filing a Complaint on June 16, 2008. Through a well-reasoned R&R dated January 22, 2009, Magistrate Judge Smyser recommended that we dismiss the case pursuant to 28 U.S.C. § 1915(e)(2). As we have already mentioned, neither Defendants nor the Plaintiff have filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind towards conserving

judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*. An appropriate Order will enter.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NICK SPAGNOLO,                          : CIVIL NO: 4:08-CV-01145
                                        :
              Plaintiff                 :
                                        : (Judge Jones)
       v.                               :
                                        : (Magistrate Judge Smyser)
CITY OF HUNTINGDON BEACH ORANGE         :
COUNTY CALIFORNIA,                      :
ARRESTING OFFICERS and                  :
OFFICER JIM WEAVER,                     :
                                        :
              Defendants                :


## REPORT AND RECOMMENDATION


On June 16, 2008, the plaintiff, proceeding *pro se*, commenced this action by filing a complaint. On June 16, 2008, the plaintiff also filed an application to proceed *in forma pauperis*.

On January 9, 2009, the case was referred to the undersigned magistrate judge for pretrial management. By a separate order we have granted the plaintiff's application to proceed *in forma pauperis*. We now recommend that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

28 U.S.C. § 1915(e)(2) provides:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
(A) the allegation of poverty is untrue; or
(B) the action or appeal -
   (i) is frivolous or malicious;
   (ii) fails to state a claim on which relief may be granted; or
   (iii) seeks monetary relief against a defendant who is immune from such relief.

The defendants named in the complaint are the City of Huntingdon Beach Orange County, California; arresting officers; and Officer Jim Weaver.

The plaintiff alleges that he originally filed this complaint in this court in 1992.[1] He alleges that after the case was transferred to the United States District Court for the Central District of California that court refused to proceed and thereby violated his civil rights. The proper

---

1. It appears that the plaintiff is referring to *Spagnolo v. City of Huntingdon Beach*, 3:92-CV-00596 (M.D.Pa.)(Rambo, J.). That case was transferred to the United States District Court for the Central District of California in 1992. See *Spagnolo v. Huntingdon Beach*, 2:92-CV-07085 (C.D.Cal.). Although full docket entries for the case in the Central District of California are not available to this court through the Public Access to Court Electronic Records (PACER) system, the partial docket sheet that is available for that case through PACER indicates that that case was terminated in 1993.

2

procedure to challenge the decision of the United States District Court for the Central District of California is an appeal to the appropriate Court of Appeals not a separate suit in this court.

To the extent that the plaintiff is seeking to litigate the underlying claims in the previous case, those claims are barred by the two-year statute of limitations applicable to a 42 U.S.C. § 1983 actions since the events underlying those claims occurred sixteen years ago. Further, this court does not have venue over the claims that arose in California and it does not appear that this court has personal jurisdiction over the defendants.

It appears that allowing the plaintiff to amend his complaint would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002)(holding that the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile). Accordingly, we will recommend that the case be dismissed.

Based on the foregoing, it is recommended that the case be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: January 22, 2009.

4